**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KEITH W. PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:13-cv-0561-WTL-TAB |
| | ) | |
| ROBIN BANKHEAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING INSUFFICIENT CLAIMS AND**
**DIRECTING SERVICE OF PROCESS**

**I.**

**A.**

Plaintiff Keith Palmer is a former transitional employee of the United States Postal Service ("USPS"). He brings this lawsuit alleging that his employment was unlawfully terminated on April 3, 2011.

Palmer's claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

Palmer names 15 defendants: 1) Postal Inspector Robin Bankhead; 2) OIG Investigatory Terry Bickle; 3) Branch Manager Charlie Brown; 4) Postal Inspector Laura Carter; 5) Postmaster General Patrick Donahoe; 6) Carmen Jennings; 7) OIG Investigator Scott McCracken; 8) Postal Inspector Ken Miller; 9) Supervisor Faye Nevilles; 10) Gordon Richards; 11) District Manager E. Lynn Smith; 12) Human Resources Manager Dale M. Sparks; 13) NALC President Paul Toms; 14) Vice President Labor Relations Douglas Tulino; and 15) Inspector General David C. Williams.

**B.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2) (B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted).

**C.**

The USPS is a federal agency. *Steffen v. Donahoe,* 680 F.3d 738, 742, n.1 (7th Cir. 2012). Individual federal employees can be sued for constitutional violations under *Bivens,* 403 U.S. 388. A *Bivens* individual defendant can only be liable for his own participation in the violation of constitutional rights, not on the basis of supervisory or *respondeat superior* liability. *Arnett,* 658 F.3d at 757.

Federal employees, however, cannot bring a *Bivens* action based on adverse personnel decisions if they are covered by the Civil Service Reform Act as modified by a collective bargaining agreement. *See Klein v. Potter,* No. 02-1140, 2002 WL 1940152, 43 Fed.Appx. 960, 961 (7th Cir. Aug. 20, 2002). A Postal Service employee who is covered by the provisions of a collective bargaining agreement and/or Civil Service Reform Act is barred from bringing a constitutional claim for damages against his former supervisors. *Massey v. Helman,* 196 F.3d

2

727, 736-37 (7th Cir. 1999)(citing cases). Palmer alleges he was not permitted to participate in the grievance procedures because he had not been employed long enough. Therefore, at this stage of the proceedings, the allegations that state viable constitutional violations shall proceed.

**D.**

Certain claims against various defendants must be dismissed, consistent with the following:

The only claim against Postal Inspector Robin Bankhead is that she met with Palmer after she learned of his termination. Palmer alleges no facts that state a claim upon which relief can be granted against Bankhead. Any claim against Bankhead is **dismissed**.

Palmer's only allegation against Postmaster General Donahoe is that after Palmer's employment was terminated, Palmer notified Donahoe and Donahoe took no action. Similarly, Palmer attempted to communicate with Inspector David Williams but received no response. There is no allegation that Donahoe or Williams participated in any way in the termination of Palmer's employment. Therefore, any claims against Postmaster General Donahoe and Inspector General David Williams are **dismissed** for failure to state a claim upon which relief can be granted.

Palmer alleges that defendants District Manager E. Lynn Smith, Human Resources Manager Dale Sparks, Postal Inspector Laura Carter, and Postal Inspector Ken Miller were negligent or otherwise failed to take appropriate or sufficient action when they learned of the circumstances he alleges. "[O]nly intentional conduct violates the Constitution." *United States v. Norwood,* 602 F.3d 830, 835 (7th Cir. 2010). The claims against these defendants are **dismissed** for failure to state a claim upon which relief can be granted.

Palmer further alleges that OIG representatives[1] Terry Bickle and Scott McCracken failed to properly investigate the matter after he was terminated. These claims of negligence fail to state a claim against Bickle and McCracken and are **dismissed**.

Palmer alleges that Carmen Jennings conspired with Branch Manager Charlie Brown to wrongfully and improperly carry out the notice of removal. A claim of conspiracy against employees of the same entity fails to state a claim upon which relief can be granted. *Wright v. Illinois Dept. of Children & Family Services,* 40 F.3d 1492, 1508 (7th Cir. 1994); *Perrott v. United States of America*, No. 96-C-4347, 2001 WL 40799, *3 (N.D. Ill. Jan. 17, 2001)(pursuant to the intracorporate conspiracy doctrine, a conspiracy cannot exist solely between members of the same governmental entity). Therefore the claim against Carmen Jennings is **dismissed** for failure to state a claim upon which relief can be granted.

As to defendant Vice President of Labor Relations Douglas Tulino, Palmer alleges that he wrote Tulino a request for a hearing in 2012, but a representative for Tulino denied that request because Palmer had filed an EEO claim. Palmer allegedly wrote another letter to Tulino in 2013 but received no response. Palmer has alleged no constitutional violation on the part of Tulino and any claim against him is **dismissed**.

Palmer alleges that co-worker Gordon Richards lied to Manager Brown about Richards' alleged plan to discard deliverable mail. Palmer does not allege that Richards had any authority to decide questions concerning Palmer's employment. Therefore, any claim against Richards is **dismissed** for failure to state a claim upon which relief can be granted.

No partial final judgment shall issue as to the claims dismissed in this Entry.

---

[1]The Office of the Inspector General ("OIG") is an independent investigatory arm of the USPS, responsible for "detecting and preventing fraud, waste, and abuse" in the operations of the USPS. 39 C.F.R. § 230.1.

## II.

The clerk is designated to issue process to defendants Charlie Brown, Faye Nevilles, and Paul Toms. **Personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint filed on April 3, 2013, and a copy of this Entry, on these defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) at the expense of the United States.

**IT IS SO ORDERED.**

Date:   07/23/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Keith W. Palmer
P. O. Box 86
Zionsville, IN 46077

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

5