UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH W. PALMER, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:13-cv-561-WTL-TAB |
| CHARLIE BROWN, et al., | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANT PAUL TOMS' MOTION TO DISMISS, PLAINTIFF'S MOTION FOR PRODUCTION OF GRIEVANCE AND MOTION FOR COURT'S DETERMINATION ON WHETHER PLAINTIFF POSSESSED A RIGHT TO GRIEVE, AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

This cause was originally before the Court on Defendant Paul Toms' motion to dismiss (dkt. no. 29). In his response to Toms' motion, Plaintiff Keith W. Palmer filed a motion for Production of Grievance (dkt. no. 36), a motion for Court's Determination on whether Plaintiff Possessed a Right to Grieve (dkt. no. 36), and a motion for leave to file a sur-reply in opposition to Toms' motion to dismiss (dkt. no. 40). The motions are fully briefed and the Court, being duly advised, now rules as follows: (1) Toms' motion to dismiss is **GRANTED**, (2) Palmer's motion for Production of Grievance is **DENIED**, (3) Palmer's motion for Court's Determination on whether Plaintiff Possessed a Right to Grieve is **DENIED**, and (4) Palmer's motion for leave to file sur-reply is **GRANTED**.

### I.     PLAINTIFF'S ALLEGATIONS

Palmer is proceeding pro se in this matter. As such, the Court is required to liberally construe his complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held

to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).

According to Palmer, he was hired by the United States Postal Service ("USPS") on January 3, 2011, as a Transition Employee (TE) City Letter Carrier. Compl. at 5. He was terminated several months later in April 2011, because he "blew the whistle" on a coworker's scheme "to discard a large stack of paid, deliverable U.S. Mail." *Id.* After his termination, Palmer "attempted to initiate a grievance" through the National Association of Letter Carriers ("NALC") union. *Id.* at 8. However, Charlie Brown, the Branch Manager at Palmer's postal station "rejected the grievance on the basis that Plaintiff did not have sufficient work days recorded to provide for relief through the grievance process." *Id.*

Palmer initiated the present suit on April 3, 2013, against a number of individuals, including Toms, the President of Palmer's local NALC union. According to Palmer, "Toms denied Plaintiff's property right of employment arising from Tom's acceptance of Brown's wrongful rejection of the grievance Toms alleged he filed on behalf of Plaintiff." *Id.* at 10. Palmer further claims that "his property right of protection through rights afforded under collective bargaining agreements was wrongfully denied by [Toms]," and Toms "improperly processed his grievance." *Id.* at 12. Toms now moves to dismiss Palmer's complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n,* 638 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is

and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

Of course, a plaintiff's brief may clarify lingering uncertainty about the allegations in his complaint. *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000). Accordingly, the facts alleged in a plaintiff's brief may be considered so long as the brief's allegations are consistent with the complaint. *Flying J Inc. v. City of New Haven,* 549 F.3d 542, n.1 (7th Cir. 2008). Finding Palmer's allegations consistent with his complaint, the Court considers and accepts as true the additional facts alleged in Palmer's response and sur-reply.

### III.     DISCUSSION

Toms argues that "Palmer's claims against [him] are barred because, as a general rule, union officers are immune from suit based on their acts as union agents in enforcing the collecting bargaining agreement." Toms' Br. at 2 (citing *Atkinson v. Sinclair Ref. Co.*, .370 U.S. 238, 247-49 (1962)). This is true—Congress intended "the union as an entity" to be the "sole source of recovery for injury inflicted by it." *Id.* at 249 (citation omitted). "This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages for violation of a collective bargaining contract for which damages the union itself is liable." *Id.*

Palmer claims that Toms, as opposed to the union, is liable "because the NALC did not violate the collective bargaining agreement. *Toms violated the agreement*." Palmer's Resp. at ¶ 2

(emphasis added). Palmer, however, goes on to say that "Toms simply did not do his job correctly, sacrificing Palmer's property of grievance rights." Palmer's Sur-Reply at ¶ 2.

Based on the allegations in Palmer's complaint, his response, and his sur-reply, it is clear that Palmer's claims against Toms relate to his processing of the grievance, and thus to activity Toms performed within the course and scope of his duties as a union representative. In such cases, the union, as an entity, is responsible for the actions of its officers and employees. *See, e.g.*, *Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989) ("With monotonous regularity, court after court has cited *Atkinson* to foreclose state-law claims, however inventively cloaked, against individuals acting as union representatives within the ambit of the collective bargaining process."). Accordingly, Palmer fails to state a claim against Toms for which relief can be granted.[1]

Toms also argues that "the Court should not grant [Palmer] leave to amend the complaint to bring a claim against the Union because it would be futile: any claim for breach of the Union's duty of fair representation claims is clearly time-barred." Tom's Br. at 3. The Union, however, is not a party to the litigation. Thus, the issue of whether Palmer may currently allege claims against the Union is not properly before the Court, and the Court will not rule on the issue.

## IV. **OTHER MOTIONS**

As noted above, Palmer also filed a motion for Production of Grievance and motion for Court's determination on whether Plaintiff Possessed a Right to Grieve.

---

[1] Palmer also attempts to style his claims against Toms as a *Bivens* action. Compl. at 10; Palmer's Resp. at 4. The Supreme Court recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), that individuals may file suit against federal government officials who have violated their constitutional rights. Although Toms may be an employee of the USPS, Palmer's claims against Toms arise out of his conduct as an officer of the NALC. Thus, there is no viable *Bivens* claim against Toms.

Palmer's motion for Production of Grievance "requests the Court order Toms to produce a copy of the grievance that Toms alleges he submitted to USPS management on Palmer's behalf." Palmer's Resp. at ¶ 6. The Court directs Palmer to the Federal Rules of Civil Procedure, and specifically Rules 26 through 37 regarding the discovery process. Those Rules discuss when and how a party may obtain information from another party or a nonparty. Because there is no pending discovery request concerning the documents requested by Palmer, the Court **DENIES** Palmer's motion.

Likewise, the Court **DENIES** Palmer's motion for Court's determination on whether Plaintiff Possessed a Right to Grieve. Of course, as this matter progresses, the Court may be required to make such a determination. However, at this stage in the litigation, the issue of whether Palmer was entitled to utilize the grievance process is premature and immaterial to Toms' motion to dismiss.

## V. CONCLUSION

For the reasons set forth above, the Defendant Paul Toms' motion to dismiss is **GRANTED** and the allegations contained in Plaintiff's complaint against Defendant Paul Toms are **DISMISSED WITH PREJUDICE**.[2] To be clear, this entry does not affect Palmer's claims against Defendants Charlie Brown and Faye Nevilles.

SO ORDERED: 04/04/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[2]Although district courts generally dismiss a plaintiff's claims without prejudice and give the plaintiff at least one opportunity to amend his complaint, *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008), the Court dismisses Palmer's claims against Toms with prejudice because, as a matter of law, Toms is personally immune from suit in relation to his processing of Palmer's grievance.

**Copy by U.S. Mail to:**

>**Keith W. Palmer**
>**P.O. Box 86**
>**Zionsville, IN 46077**

Copies to all counsel of record via electronic communication.