UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH W. PALMER, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:13-cv-561-WTL-TAB |
| ) | |
| CHARLIE BROWN and FAYE NEVILLES, ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR OPPORTUNITY TO AMEND

This cause is before the Court on two motions: 1) the Defendants' motion to dismiss or in the alternative for summary judgment (dkt. no. 46); and 2) the Plaintiff's motion for opportunity to amend (dkt. no. 71). The motions are fully briefed, and the Court, being duly advised, resolves them as follows.

### I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### A. Standard

The Court has construed the Defendants' motion as a motion for summary judgment and has considered the two attachments submitted by the Defendants. *See* dkt. nos. 46-1 and 46-2. Plaintiff Keith Palmer is proceeding *pro se* in this case and the Court notes that he was provided with the notice required by Local Rule 56-1(k). *See* dkt. no. 48. Palmer also filed a response to the Defendants' motion, dkt. no. 72, which was considered by the Court.

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the

admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

**B. Background**

The facts that follow are those taken in the light most favorable to the Plaintiff, Keith Palmer.

Palmer was hired by the United States Postal Service ("USPS") as a temporary transitional employee letter carrier on January 1, 2011. Palmer was assigned to work at the Brightwood Post Office located in Indianapolis, Indiana. As a temporary employee, Palmer's employment was subject to a 90-day probationary period and had an expiration date of December 26, 2011.

In March 2011, another Brightwood Post Office letter carrier, Gordon Richards, attempted to conspire with Palmer to discard a large stack of paid, deliverable United States mail, specifically, newspapers. Palmer declined to participate and reported Richards' scheme via text message to the Brightwood Post Office's Branch Manager, Charlie Brown.

On April 8, 2011, a meeting was held regarding Richards' alleged scheme; present were Palmer, Richards, Brown, and Palmer's supervisor, Faye Nevilles. During the meeting, Richards denied the scheme to discard the mail. Brown then threatened Palmer saying, "[d]on't ever accuse them of anything unless you got some proof, or I will have you terminated." Dkt. No. 1 at 6. Brown then told Palmer to conduct his mail deliveries and they would talk at the end of the day.

While on his route, Palmer texted Brown and demanded that he contact a union steward, because he was threatened with an adverse employment action, and a postal inspector, to investigate Richards' alleged criminal activity, because he believed Brown had violated his civil rights and certain USPS rules. Brown did neither, but rather terminated Palmer's employment at the end of the day for unsatisfactory work performance. Over the weekend, Brown called Palmer and told him he was reconsidering his decision, but Palmer declined to return.

On May 3, 2011, Palmer contacted the USPS Office of the Inspector General ("OIG") Hotline and reported that he was terminated in retaliation for whistleblower activities. The OIG investigated Palmer's allegations but concluded that there was no evidence to support the claim that Palmer was removed from his employment in retaliation for making a protected communication. Rather, the OIG concluded that Palmer was terminated due to his unsatisfactory work performance during his 90-day probationary period.

On September 27, 2011, Palmer contacted the USPS's Equal Employment Opportunity ("EEO") Office. He completed a formal EEO Complaint of Discrimination in which he alleged that he was terminated from the USPS in violation of Title VII and the Age Discrimination in Employment Act on the basis of his age, race, and his protected communications, i.e. whistleblowing. His Complaint was dismissed on November 28, 2011, as untimely and because

whistleblowing was not covered by Title VII. Palmer then filed an appeal with the Office of Federal Operations ("OFO"); on May 9, 2012, the OFO affirmed the EEO's decision. Palmer then filed a motion to reconsider; however, on November 16, 2012, the OFO reaffirmed its decision.

On April 4, 2013, Palmer filed the present lawsuit in this Court. His Complaint indicates that the basis for his claims is *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which allows federal employees to be sued in their individual capacities for constitutional violations. Palmer claims that Nevilles violated various sections of the USPS Employee and Labor Relations Manual ("ELM") during the course of his employment and claims that Brown violated his property right of employment in wrongfully terminating him in retaliation for his whistleblowing. *See* dkt. no. 1. The Defendants move for summary judgment on all claims asserted against them in Palmer's Complaint.

### C. Discussion

The Court will begin with the claims against Nevilles. Palmer alleges that she denied him his "property right of protection"[1] under two USPS ELM provisions and "failed to properly maintain [his] personnel records, thus jeopardizing his property right of employment." Dkt. No. 1 at 12. The Court agrees with Nevilles that she is entitled to summary judgment on these claims. The claim against Nevilles for her failure to maintain personnel records asserts that she was negligent in failing to do so, *see* dkt. no. 1 at 11 ("Neville's negligence . . ."); however, negligence will not support a *Bivens* suit. *United States v. Norwood*, 602 F.3d 830, 835 (7th Cir. 2010) (noting that "only intentional conduct violates the Constitution"). Moreover, as the

---

[1] It is unclear to the Court what this means, and the Court is otherwise unaware of such a right.

4

Defendants note, "Palmer's claims based on the perceived violation of certain ELM provisions . . . fail to state a constitutional claim." Dkt. No. 47 at 22. Even if Nevilles did violate ELM provisions 584.51 and 651.63,[2] this does not rise to the level of a Constitutional violation. Accordingly, summary judgment is **GRANTED** in favor of Nevilles. The Court now turns to the claims against Brown.

With respect to the claims concerning Palmer's termination from the USPS, Brown argues that they are "preempted by the comprehensive employment scheme developed through the Postal Reorganization Act ("PRA")." Dkt. No. 47 at 2. While it is true that *Bivens* allows suits to proceed against federal officials for violations of the Constitution, if a comprehensive administrative scheme already provides a remedy to the injured party, *Bivens* suits are prohibited. *See Bagola v. Kindt*, 131 F.3d 632, 640 (7th Cir. 1997) ("'When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies.'") (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). The Court thus agrees with Brown that he is entitled to summary judgment on Palmer's claims stemming from his whistleblowing activities.

As the Defendants note, the PRA, 39 U.S.C. §§ 1001-1011, 1201-1209, is a remedial scheme that specifically governs personnel procedures for aggrieved postal workers and prevents postal workers from bringing *Bivens* claims. For example, the PRA provides that the USPS shall establish procedures guaranteeing its employees "an opportunity for a fair hearing on adverse

---

[2] The Court gleans from Palmer's Complaint that provision 584.51 requires supervisors to complete performance evaluations of USPS employees and provision 651.63 provides that employees are to receive advanced notice of any adverse action taken against them. *See* dkt. no. 1 at 8-9.

actions, with representatives of their own choosing." 39 U.S.C. § 1001(b). In addition, the PRA authorizes the USPS to adopt comprehensive binding arbitration provisions in its collective bargaining agreements between the USPS and its employees to address employee grievances. *See id.* § 1206(b). Finally, § 1005(a) of the PRA permits certain "preference-eligible" employees to avail themselves of the Civil Service Reform Act's ("CSRA")[3] procedures for administrative and judicial review of adverse personnel actions when not inconsistent with the procedures established by the USPS or any collective bargaining agreement. *See id.* § 1005. It appears clear to the Court that the remedial scheme prescribed by the PRA and the portions of the CSRA it adopts constitute a comprehensive statutory scheme to address Palmer's constitutional claims arising from his employment with the USPS.

Unfortunately for Palmer, he was unable to avail himself of all of the PRA's remedies because he was a temporary, transitional employee who had yet to complete his probationary period—he was unable to utilize the grievance process of his applicable collective-bargaining agreement or the administrative and judicial review provisions of the CSRA. *See* dkt. no. 46-1 (Article 12.1.A. of the applicable collective-bargaining agreement stating "[t]he Employer shall have the right to separate from its employ any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation thereto"); 5 U.S.C. § 7511(a)(1)(A)-(B) (noting that the CSRA provides for administrative and judicial review of adverse employment actions for those employees who have completed one-year of continuous service). However, this does not mean that he is permitted to bring a *Bivens* suit to remedy his injuries. The Seventh Circuit has noted

---

[3] The CSRA is the "comprehensive and exclusive remedial scheme applicable to employment disputes" for most federal employees. Dkt. No. 47 at 8.

that "[t]he Supreme Court urges caution in extending *Bivens* remedies into new contexts. . . . This is true even if the existing remedies do not provide complete relief for the parties." *Richards v. Kiernan*, 461 F.3d 880, 884 (7th Cir. 2006); *see also Robbins v. Bentsen*, 41 F.3d 1195, 1201 (7th Cir. 1994) ("Courts may not provide constitutional remedies to supplement a congressionally-established administrative system even where that system's remedies are not as complete as the constitutional remedy might be.").

This does not mean, however, that Palmer was without any recourse. As the Defendants note, Palmer followed the procedure outlines in ELM § 666.3 in reporting his whistleblowing retaliation to the OIG, which then conducted an investigation. *See* dkt. no. 46-1 ¶¶ 11-15. He also filed a Complaint with the EEO, which also investigated and addressed his allegations. *See* dkt. no. 46-2 ¶¶ 8-12. Ultimately, it was determined that Palmer was not terminated because of his whistleblowing activities, but rather, due to his unsatisfactory work performance.

As set forth above, the remedial scheme prescribed by the PRA and certain portions of the CSRA constitute a comprehensive scheme available to address USPS employees' grievances arising from their employment. Accordingly, Palmer cannot maintain a *Bivens* claim and summary judgment is **GRANTED** in favor of Brown.[4]

## II. MOTION FOR OPPORTUNITY TO AMEND

On September 19, 2014, Palmer filed a motion for opportunity to amend (dkt. no. 71). In it he claims that he was "notified by the Court that some of the Defendants have been dismissed

---

[4] The Court also notes that to the extent a *Bivens* claim is viable in Palmer's case, the Defendants argue that Palmer had no property interest in maintaining his employment with the USPS as he was a temporary employee who was first subject to a 90-day probationary period. The Court finds this argument to be persuasive. *See Common v. Williams*, 859 F.2d 467, 470 (7th Cir. 1988) (noting "a distinction between probationary employees, who do not possess such a[] [property] interest, and employees who have completed their probation period, who do enjoy this right").

7

for Palmer's failure to state or make claims upon which relief can be granted, [and] respectfully requests the Court allow Palmer to amend his complaint to make such claims." The Court surmises that Palmer is referring to the Court's July 23, 2013, Entry, dkt. no. 12, that dismissed claims against twelve Defendants because Palmer's Complaint failed to state a claim upon which relief could be granted.[5]

This motion is **DENIED**. Palmer appears to believe that the Court did not understand or appreciate the nature of his claims, but this was not the case. The allegations contained in Palmer's Complaint were fully understood; however, as a matter of law, the facts of this case do not support his alleged legal claims. This is not an instance where new and/or additional factual allegations would resurrect Palmer's claims; as explained in the Court's Entry, as a matter of law, the facts of this case, set forth in detail in Palmer's Complaint, do not rise to the level of Constitutional violations.

### III.    CONCLUSION

Defendants Brown and Neville's motion for summary judgment (dkt. no. 46) is **GRANTED**. Palmer's motion for opportunity to amend (dkt. no. 71) is **DENIED**.

SO ORDERED: 12/10/14

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[5] On April 4, 2014, the Court granted Defendant Paul Toms' motion to dismiss and dismissed Palmer's claims against him with prejudice, finding that, as a matter of law, he was personally immune from suit (dkt. no. 44). The Court agrees with Toms that Palmer cannot assert claims against him at this point in time. *See* dkt. no. 74.

8

**Copy by U.S. Mail to:**

**KEITH W. PALMER**
**P.O. Box 86**
**Zionsville, IN 46077**

Copies to all counsel of record via electronic notification